UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: SHARONN THOMAS : | | CHAPTER 13 |
| : | | CASE NO. 17-14588 |
| Debtor : | | |
| : | | |

OBJECTION OF DALIN FUNDING, L.P. TO CHAPTER 13 PLAN

Dalin Funding, L.P., by its counsel, and objects to the confirmation of the Debtor's Plan for the following reason(s):

1. On or about May 18, 2015, Dalin Funding, L.P. obtained a judgment against the debtor in the Philadelphia County Court of Common Pleas (the "Dalin Judgment"). See the Proof of Claim filed by Dalin Funding.

2. The Dalin Judgment is a lien against all property owned by the Debtor in Philadelphia County.

3. Neither the Debtor's Schedules nor Statements make any reference at all to the Dalin Judgment.

4. The Debtor's Schedules show that the Debtor owns 18 parcels of real estate in Philadelphia County worth approximately $1,700,000. According to the Debtor's Schedules, these parcels of real estate are subject to liens in the approximate amount of $810,000.

5. The Debtor's Chapter 13 Plan proposes to make no payment to Dalin on its secured claim based on an alleged impairment of exemptions to which the Debtor would have otherwise been entitled under Section 522(b) of the Bankruptcy Code.

6. The Plan lists as Dalin "collateral" one property only, namely 6563 North Woodstock St., Philadelphia, PA June 29, 2016 (which, oddly, is not even listed on Schedule A as being

one of the properties belonging to the Debtor). It is not known whether or not there are other properties belonging to the Debtor that were left off of the Schedules.

7. It is clear that the Debtor has more than sufficient equity in all of her properties to allow her to take full advantage of her exemptions and still pay the Dalin secured claim in full.

8. In addition, the Plan proposes to make no payment at all to unsecured creditors, despite the obvious substantial equity in the real estate owned by the Debtor.

WHEREFORE, alleges and avers that Debtor's plan is not confirmable as currently filed and therefore prays that this Honorable Court will:

a. Deny confirmation of the Debtor's Plan as filed.

b. Provide such other relief as is equitable and just.

**WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY, LLP**

Dated: August 29, 2017    By:    /s/ Peter E. Meltzer
                                  _____
                                  PETER E. MELTZER, ESQUIRE

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE: SHARONN THOMAS** | : | **CHAPTER 13** |
| | : | **CASE NO. 17-14588** |
| **Debtor** | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Peter E. Meltzer, hereby certify that on the below date, the foregoing *Objection of Dalin Funding, L.P. to Confirmation of Debtor's Chapter 13 Plan* was served via United States mail, First class, postage prepaid, and electronic notification via ECF/CM on the following:

Debtor
Sharonn E Thomas-Pope
856 N. 29th Street
Philadelphia, PA 19130

Represented by JOSHUA LOUIS THOMAS
Joshua L. Thomas & Associates
PO Box 415
Pocopson, PA 19366

Trustee
WILLIAM C. MILLER, Esq.
Chapter 13 Trustee
1234 Market Street
Suite 1813
Philadelphia, PA 19107

U.S. Trustee
United States Trustee
Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107

**Weber Gallagher Simpson Stapleton Fires & Newby, LLP**

   /s/ Peter E. Meltzer
Peter E. Meltzer, Esquire
2000 Market Street, 13th Floor
Philadelphia, PA 19103
267-295-3363
Attorneys for Movant

Dated: August 29, 2017